# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3588ND

_____

Curtis B. Leiss,                              *
                                              *
            Appellant,                        *
                                              *   On Appeal from the United
       v.                                     *   States District Court
                                              *   for the District of
                                              *   North Dakota.
William J. Henderson, Postmaster              *
General, United States Postal Service,        *
                                              *
            Appellee.                         *

_____

Submitted:  July 20, 2001

Filed:   September 12, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and BYE, Circuit
     Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

       This is an action under 29 U.S.C. § 701 et seq., the Rehabilitation Act of 1973.
The plaintiff is Curtis B. Leiss, a former employee of the United States Postal Service
at the Post Office in Dickinson, North Dakota.  The defendant is William J. Henderson,
Postmaster General, who is sued in his official capacity.  Mr. Leiss contends that the
Postal Service has discriminated against him on account of a disability by terminating

his employment and, thereafter, by not re-hiring him.  The District Court[1] granted the defendant's motion for summary judgment and dismissed the complaint with prejudice.  We affirm.

Mr. Leiss was a letter carrier.  He began working in Dickinson, North Dakota, in June of 1993.  The following facts are undisputed.  Mr. Leiss became argumentative with fellow employees and made threats.  Other employees felt unsafe.  He was counseled about slow delivery times and reprimanded for excessive absences.  On December 10, 1993, the plaintiff's psychologist, a Dr. Townsend, informed the Postal Service that Mr. Leiss was under "substantial stress," which affected his ability to perform his job safely.  In early 1994, Dr. Townsend informed the Postal Service that "I have the duty to warn you of the possible threat of harm to you and other members of your staff . . .."  Joint Appendix (JA) 160.  Mr. Leiss admitted making threats to a postal inspector who interviewed him on February 24, 1994.  Id. at 163.

The plaintiff did not go to work after January 10, 1994.  On February 17, he filed an application for disability retirement, which was granted later that year.  (As far as we know, the plaintiff is still receiving disability retirement benefits from the Federal Employees Retirement System, though he has worked in other jobs.)  The plaintiff informed the Postal Service that he would not be returning to work at Dickinson, and, on April 6, 1994, the Postal Service served him with a notice of removal, charging that he had abandoned his position and had been guilty of threatening behavior.  The plaintiff did not respond to this notice, and his employment was terminated as of May 7, 1994.

Mr. Leiss then filed a complaint with the Equal Employment Opportunity Commission, claiming that he had been unlawfully fired on account of a disability.

---

[1]The Hon. Patrick A. Conmy, United States District Judge for the District of North Dakota.

During the course of the EEOC proceedings, he abandoned this claim, JA 324, but added a claim that the Postal Service was discriminating against him by refusing to re-hire him. The EEOC concluded that the Postal Service should conduct a Fitness For Duty (FFD) examination of the plaintiff, in order to determine whether he was fit to return to his position. Such an examination was conducted on November 24, 1998. A physician, Dr. Turco, found that Mr. Leiss was not able to return to work at the Dickinson Post Office, though he might be able to come back to work "with an intensive treatment program lasting approximately six months to one year." JA 348. On the basis of this assessment, the Postal Service determined that the plaintiff could not perform the duties of his former position, and so notified him on December 23, 1998.

This lawsuit was filed in March of 1999. The focus of the case, both in the District Court and here, is plaintiff's contention that there is a genuine issue of material fact as to whether he was qualified to return to work. The Postal Service insists, in response, that plaintiff was not qualified, and that, in any event, it had a legitimate nondiscriminatory reason (apprehension about future threatening conduct) for deciding not to reinstate the plaintiff. The plaintiff's main reliance is on opinions by his treating psychiatrist, Dr. Weisner, given in 1999 and 2000. Dr. Weisner took the view that plaintiff had improved substantially, that he was handling work situations fairly well, and that he could return to work. The doctor added, however, that some accommodations would be necessary. It would be hard to know exactly what the plaintiff would need, Dr. Weisner said, but ideally the only accommodation in the workplace that would be necessary would be an authority figure that would take the plaintiff aside and talk with him in a fairly clear and calm fashion. JA 32. In addition, the doctor said that the plaintiff might need to be transferred to Oregon (where he had previously been a postal worker). The doctor took the view that the plaintiff's problems arose primarily from personality conflicts with other employees in North Dakota, and that a job in Oregon would present fewer difficulties. Dr. Weisner, in addition, said that the plaintiff would need continued psychiatric treatment to assure that his mood

remained stable, and that he would do fine at work as long as his home life remained stable.

In order to succeed with his Rehabilitation Act claim, the plaintiff has to show, among other things, that he was qualified for the position he sought, despite his disability. In addition, because the defendant here has articulated a legitimate, nondiscriminatory reason for firing plaintiff in the first place, and for deciding not to take him back, it is the plaintiff's burden to establish that this asserted reason is merely a pretext for discrimination on the basis of disability. We agree with the District Court that plaintiff's evidence fails to raise a genuine issue of material fact with respect to either of these essential elements.

There can be no doubt that the initial decision to terminate plaintiff's employment was lawful. The Postal Service is not required to tolerate threatening employees. The decision not to re-hire the plaintiff, made in November and December of 1998, was soundly based on Dr. Turco's opinion that the plaintiff was not yet ready to come back. There is simply no evidence that the Postal Service, in reaching this conclusion, had any discriminatory motivation. It is true, as the plaintiff argues, that in 1995 Dr. Ramos, a psychiatrist, had certified Mr. Leiss as ready to return to work from a psychiatric point of view. JA 178. At the time that he rendered this opinion, however, Dr. Ramos had not seen Mr. Leiss for several months, and the Postal Service was not obliged to accept this view. There is no basis for concluding that Dr. Turco did not reach his conclusion in good faith.

As to the subsequent views, more favorable to the plaintiff, expressed by Dr. Weisner, these opinions can cast no doubt on the genuineness of Dr. Turco's earlier conclusion. For one thing, some time passed between the decision not to re-hire the plaintiff and the subsequent opinions expressed by his treating psychiatrist. For another, a mere disagreement between Dr. Turco and Dr. Weisner would not show that the Postal Service was improperly motivated. When it acted in 1998 and decided not

-4-

to take the plaintiff back into the work force, it had before it the record of a plaintiff who had been terminated for cause on the basis of threatening behavior, and whom a physician had recently found unfit to return to service. Of course there is a duty to accommodate an employee reasonably if this can be accomplished by an employer without undue hardship. Here, however, the accommodations suggested by Dr. Weisner are, to some extent (stable home life), beyond the power of the employer, and, in other respects, unreasonable as a matter of law. The Postal Service asserts, without contradiction, that to transfer Mr. Leiss to Oregon at this point would violate a collective-bargaining agreement.

We commend Mr. Leiss for his persistence in wanting to return to work and in seeking treatment. We do not know what the future will hold. Perhaps a course of intensive treatment will produce favorable medical opinions that the Postal Service will find convincing. For the present, however, we are obliged to say that the Postal Service's conclusions that the plaintiff is not able at this time to return to work, and that there are legitimate nondiscriminatory reasons for deciding not to re-hire him, are unassailable on the record before us.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.